**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0540n.06

No. 08-6464

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Aug 23, 2010**

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

GLENN R. DEAN,

      Defendant-Appellant.

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF KENTUCKY

                                 /

Before: SILER and CLAY, Circuit Judges; and GRAHAM, District Judge.*

**PER CURIAM.** Defendant Glenn Dean appeals the district court's judgment sentencing him to 180 months imprisonment after Defendant pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court based this sentence on its finding that Defendant should be classified as a career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA") and, thus, is subject to a 180 month mandatory minimum. On appeal, Defendant argues that the district court erred by finding that two robberies he committed within 30 minutes of each other on June 12, 1997 count as separate predicate offenses for purposes of the ACCA.

The determination of whether a course of conduct is a single occasion or multiple occasions for purposes of the ACCA is a question of law that we review *de novo*. *United States v. Murphy*, 107 F.3d 1199, 1208 (6th Cir. 1997).

---

* The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

Defendant's argument that he was compelled by the two other perpetrators to participate in the second robbery on June 12, 1997–so that both robberies should be considered together to constitute a single course of criminal conduct–is not supported by the record. Because it is undisputed in the instant case that Defendant's offenses were committed "at different times and places and against different victims," we are bound by *United States v. Brady* to find that they were committed on occasions different from one another under the ACCA. 988 F.2d 664, 669 (6th Cir. 1993) (*en banc*). Accordingly, because Defendant was properly classified as a career offender for purposes of the ACCA, we **AFFIRM** the district court's judgment subjecting Defendant to a 180 month mandatory minimum sentence.